UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LARRY L. JORDAN,<br><br>    Defendant. | Case No. 03-cr-40053-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the defendant's motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 296). The Court construes this as a motion pursuant to 18 U.S.C. § 3582(c)(1)(B).

Jordan pled guilty to one count of conspiracy to distribute and possess with intent to distribute crack cocaine. At sentencing, the Court found by a preponderance of the evidence that Jordan's relevant conduct was between 500 grams and 1.5 kilograms of crack cocaine, which under United States Sentencing Guideline Manual ("U.S.S.G.") § 2D1.1 (2003) yielded a base offense level of 36. This level was increased by two points because Jordan possessed a dangerous weapon during the commission of the offense, *see* U.S.S.G. § 2D1.1(b), and was decreased by three points because Jordan timely accepted responsibility for his crime, *see* U.S.S.G. § 3E1.1(a), (b), which yielded a total offense level of 35. Considering Jordan's criminal history category of III, this resulted in a sentencing range of 210 to 262 months in prison. However, because the government had filed an enhancement pursuant to 21 U.S.C. § 851, Jordan's relevant conduct was more than 50 grams of crack, and this was before the

Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013)[1], the Court found that Jordan's statutory minimum sentence was 20 years.   *See* 21 U.S.C. § 841(b)(1)(A).  Consequently, pursuant to U.S.S.G. § 5G1.1(c)(2), his effective guideline sentencing range became 240 to 262 months.   The Court sentenced Jordan to serve 262 months.   The Court later reduced that sentence to the statutory minimum of 240 months following a retroactive sentencing guideline amendment.

The defendant now asks the Court to reduce his sentence in light of § 404 of the First Step Act.[2]   Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine

---

[1] *Alleyne* held that, for relevant conduct to raise the statutory minimum sentence, it must be admitted by the defendant or found by a jury beyond a reasonable doubt.  *Id.* at 108; *United States v. Austin*, 806 F.3d 425, 433 (7th Cir. 2015).   *Alleyne* overruled *Harris v. United States*, 536 U.S. 545 (2002), which held that factors increasing a statutory minimum could be found by the court by a preponderance of the evidence.   *Alleyne*, 570 U.S. at 116.
2 Section 404 of the First Step Act provides in full:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits.   Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—lowered the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b).   In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges.   The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. *See* First Step Act, § 404(a).   Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act.   First Step Act, § 404(c).   In sum, the Court now may, but is not required to, reduce a defendant's sentence if application of a statutory range changed by the Fair Sentencing Act would have resulted in a sentence lower than the defendant's original sentence.

All parties agree that Jordan is eligible for a sentence reduction.   They also agree that application of the Fair Sentencing Act as called for in the First Step Act would modify Jordan's statutory sentencing range from 20 to 30 years down to no more than 30 years.   In order words, the Court may now reduce his sentence below the previous statutory minimum sentence of 20 years.   The parties also agree that following changes to U.S.S.G. § 2D1.1 made by Amendment 782, Jordan's total offense level is now 31, bringing his guideline sentencing range down to 135 to 168 months.   Because Jordan has already served more than the high end of the new guideline range—he has already served more than 200 months, and his 240-month sentence is set to expire in December 2020—he asks the Court to reduce his sentence to time served.   Pointing to Jordan's violent and extensive criminal history reflected in his presentence investigation report

as well as his substantial disciplinary history during his incarceration, including recent violations, the Government suggests the Court would be justified in declining to reduce Jordan's sentence. It notes, however, that in light of the fact that he has completed nearly all of his term of incarceration and that his early release might relieve some of the burden on the Bureau of Prisons in dealing with the COVID-19 pandemic, this might be an appropriate case for early release.

The Court finds Jordan is eligible for a sentence reduction under the Fair Sentencing Act for the reasons set forth above. However, as a preliminary matter, it declines to conduct a plenary resentencing hearing as such a proceeding is not required by the First Step Act. *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019); *United States v. Cooper*, 803 F. App'x 33, 35 (7th Cir. 2020) (declining to find plain error in not holding plenary resentencing hearing, noting that "nothing in § 404 plainly requires the district court to hold any sort of hearing at all"); *see also* Fed. R. Crim. P. 43(b)(4) ("A defendant need not be present [when] . . . [t]he proceeding involves the correction or reduction of sentence under . . . 18 U.S.C. § 3582(c)."). Furthermore, to the extent the Court might have discretion to hold a hearing, it would not serve any purpose as the Court will give Jordan the reduction he seeks.

The Court will grant Jordan's motion for a reduction of his sentence pursuant to the First Step Act. As recommended by the United States Court of Appeals for the Seventh Circuit in *United States v. Shaw*, 957 F.3d 734, 741-42 (7th Cir. 2020), the Court considers the defendant's pre-sentence and post-sentence conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a), in deciding how to exercise its discretion to reduce the defendant's sentence. The Court has weighed the § 3553(a) factors as well as the defendant's post-sentencing conduct. Despite his extensive history of violence and disrespect for the law and prison regulations, the

bottom line is that he has already served more than the high end of his revised guideline range. The Court thought a sentence within the guideline range, although at the high end, was appropriate when it first sentenced Jordan, and it continues to believe for the same reasons that a high-end guideline sentence is appropriate today.   However, Jordan has already served more time than that.   Accordingly, the Court will reduce Jordan's sentence to time served.

For the foregoing reasons, the Court **GRANTS** the defendant's motion for a reduction pursuant to 18 U.S.C. § 3582(c)(1)(B) and (c)(2) (Doc. 296) and will enter a separate order of reduction in the Court's standard format.   In light of this ruling, the Court **DENIES as moot** Jordan's *pro se* motion for a reduction (Doc. 291).

**IT IS SO ORDERED.**
**DATED:   July 1, 2020**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**