UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 03-cr-40053-JPG |
| LARRY JORDAN, | |
| Defendant. | |

### MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Larry Jordan's ("Defendant") Motion for Early Termination of Supervised release and Appointment of Counsel (Doc. 313). On September 13, 2021, this Court transferred jurisdiction of this case (Case No. 03-cr-40053) to the Eastern District of Wisconsin (Doc. 310). On September 24, 2021, pursuant to 18 U.S.C. § 3605[1], the Eastern District of Wisconsin accepted and assumed jurisdiction of this case (Case No. 21-cr-189). Because this matter has been transferred pursuant to § 3605, this Court no longer has jurisdiction to provide the relief Defendant Larry Jordan seeks. The determination of Defendant Jordan's supervised release or any request to terminate his supervised release rests with Judge Brett Ludwig in the Eastern District of Wisconsin. A transfer of jurisdiction means that the "transferee court ... take[s] full jurisdiction from the transferor court." *United States v. Fernandez*, 379 F.3d 270, 275 (5th Cir. 2004); *United States v. D'Amario*, 178 Fed.Appx. 151, 152 (3d Cir. 2006) (unpublished per curiam) ("On May 2, 2003, the District of New Jersey transferred

---

[1] Section 3605 of 18 U.S.C. provides: "A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court. A later transfer of jurisdiction may be made in the same manner. A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227."

jurisdiction over [the defendant's] supervised release pursuant to 18 U.S.C. § 3605 to the District of Rhode Island.... Thus, the District of New Jersey no longer has jurisdiction to provide the relief that he seeks and properly denied his motion."); *United States v. Clark*, 405 F. App'x 89, 92 (8th Cir. 2010) (dismissing an appeal because district court lacked jurisdiction to determine supervised release after case was transferred).

For these reasons, the Court **DISMISSES** Defendant Larry Jordan's Motion for lack of jurisdiction (Doc. 313). Any relief Defendant seeks must be made to Judge Ludwig in the Eastern District of Wisconsin (Case No. 21-cr-189).

**IT IS SO ORDERED.**
**Dated: January 19, 2023**

                                                  /s/ J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **DISTRICT JUDGE**